E-FILED
Thursday, 17 July, 2014 11:18:58 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JOSHUA TOWNSEL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No.: 12-cv-1352 |
| | ) | |
| | ) | |
| GUY PIERCE, et.al. | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION

**JAMES E. SHADID, Chief U.S. District Judge:**

This cause is before the Court on Defendants' Motion for Summary Judgment, Plaintiff having made no Response.

## I.
## MATERIAL FACTS

The Plaintiff's Complaint alleges that the Defendants: Dr. Steven Talier; Dr. Andrew Tilden; Brandy Keith, RN; Stacey Headlee, RN; Christine Beasley, medical tech; John Birkel, medical tech; Brian Fairchild, Chair of Administrative Review Board; Corrections Officers Greg Kochel and Gregory Tangman; and Warden and CEO, Guy Pierce, were deliberately indifferent to his serious medical need while the Plaintiff was incarcerated at the Pontiac Correctional Center in 2010. [D/N 1]. On January 4, 2013, this Court, pursuant to its merit review order, found the Plaintiff's Complaint adequately alleged a cause of action for deliberate indifference to serious medical needs. [Text Order of 01-04-2013].

Plaintiff claims he injured his back on February 4, 2010 when he fainted and fell in his cell. He allegedly told Beasley, a medical technician, and was told to fill out a sick call request. Plaintiff admittedly did not do so. [ d/e 55 par 11]. Plaintiff states that he complained of back pain to Beasley on 7 or 8 more occasions and was told to submit a sick call request. Plaintiff claims to have told defendant medical technician Birkel of this problem on several occasions. He claims to have given Birkel a sick call request form in June 2010. [d/e 55 par 20.] Beasley and Birkel have provided protocols which establish that, in those cases where the inmate's condition does not arise to an emergency, and where the med techs are not able to provide treatment, they are to advise the inmate to submit a sick call request form.

Plaintiff also claims that he told nurses Keith and Headlee of his complaints of back pain on multiple occasions in the summer of 2010. [Plaintiff's deposition p. 34]. Keith and Headlee do not remember Plaintiff reporting complaints of back pain to them. They indicated that, had Plaintiff made these complaints they would have recommended that he submit a sick call slip. [Keith affidavit, par.7,8]. Plaintiff has also testified that, in June 2010, he made reports of his back pain and inability to obtain medical treatment to Correctional Officers Kochel and Tangman. [Plaintiff's deposition 67: 10-13]. Plaintiff stated that the officers advised him to speak with a medical tech or to submit a sick call request form.

In the interim, Plaintiff filed a grievance protesting that he had not received medical care for a different issue, after a May 2010 altercation with corrections' officers. This grievance was reviewed by Dr. Schaefer who is not a defendant in this case. Dr. Schaeffer ordered that Plaintiff be scheduled for MD sick call and to be screened for possible injury. [IDOC records p. 44]. On August 4, 2010 Dr. Talier, one of the defendants, drafted a response to the grievance. He noted that there was no evidence that Plaintiff, prior to filing the grievance, had submitted a sick call

request slip. The appropriate procedure was for an inmate to tell the medical technician of his complaint and/or to file a sick call request directly with the Health Care Unit. [d/e 55-1 par. 3-4]. The grievance was denied and Plaintiff was instructed to follow outlined procedures when requesting medical evaluation.

Plaintiff's medical records indicate that he was seen on several occasions in the months after the alleged injury. [d/e 55-6 par.5]. There is no notation in the record that he complained of back pain at any of those times. On August 2, 2010 Plaintiff was seen by a physician after having been in an altercation with another offender. On that date, Plaintiff made no complaints of back pain. [d/e 55-6 p.4]. The records also contain an 11/30/10 entry from Beasley noting that Plaintiff had requested an asthma inhaler. There was no mention of back pain at that time. The first notice of Plaintiff's back pain are contained in grievances filed 12/9/10. [d/e par. 14]. The medical team responded to the grievance and scheduled Plaintiff to be placed on sick call.

Five weeks later, on 1/26/2011, Plaintiff was transferred from Pontiac to Lawrenceville Correctional Center. When Plaintiff was transferred he was apparently interviewed for the Offender Health Status Transfer Summary. At that time, when asked whether he had any current complaints he answered "No". Plaintiff did not complain of back pain at Lawrenceville until March 4, 2011. On that date he indicated he had been experiencing back pain after an injury in "Oct. 2010". Plaintiff was sent for follow-up treatment and, on April 11, 2011, was diagnosed with degenerative (arthritic) changes in his spine. It does not appear from the record that any specific course of treatment was ordered.

## II.
## LEGAL STANDARDS GOVERNING SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see Ruiz-Rivera v. Moyer,* 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.,* 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he "'must do more than simply show that there is some metaphysical doubt as to the material fact.'" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a

summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson,* 477 U.S. at 250.

### III.
### DELIBERATE INDIFFERENCE ESTABLISHES A HIGH THRESHOLD

The Eighth Amendment prohibits punishments that are incompatible with "evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101 (1958). "The Eighth Amendment safeguards the prisoner against a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)(internal quotations and footnote omitted). "Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs." *Id*. (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009)("Deliberate indifference to serous medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution."); *Walker v. Benjamin*, 293 F.3d 1030, 1036-37 (7th Cir. 2002)(noting that the Eighth Amendment applies to the states through the Fourteenth Amendment).

The deliberate indifference standard requires an inmate to clear a high threshold in order to maintain a claim for cruel and unusual punishment under the Eighth Amendment. *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)(same). "A medical condition is serious if it 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'"

5

*Lee*, 533 F.3d at 509 (quoting *Greeno,* 414 F.3d at 653). "With respect to the culpable state of mind, negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994)("We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.").

In other words,

> [d]eliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts. And although deliberate means more than negligent, it is something less than purposeful. The point between these two poles lies where the official knows of and disregards an excessive risk to inmate health or safety or where the official is both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he . . . draw the inference. A jury can infer deliberate indifference on the basis of a physician's treatment decision when the decision is so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment.

*Duckworth*, 532 F.3d at 679 (internal quotations and citations omitted). The Seventh Circuit has cautioned, however, that "[a] prisoner [] need not prove that the prison officials intended, hoped for, or desired the harm that transpired. Nor does a prisoner need to show that he was literally ignored. That the prisoner received some treatment does not foreclose his deliberate indifference claim if the treatment received was so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Arnett*, 658 F.3d at 751 (internal citations and quotations omitted).

With these standards in mind, the Court turns to the facts in this case.

# IV.
# ANALYSIS

### A. Plaintiff cannot show that Drs. Talier and Tilden were deliberately indifferent to his serious medical need.

Defendants allege that Plaintiff did not suffer a serious medical need and, even if he had, they were never aware of it. The Plaintiff must prove, at the very least, that the Defendants failed to act despite "knowledge of a substantial risk of serious harm". *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000; *see also*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)(stating that to prevail on his claim, Plaintiff must show that the defendant was aware of facts from which it could be inferred that the plaintiff faced a substantial risk of serious harm and that the defendant actually drew the inference). Drs. Talier and Tilden have submitted sworn affidavits that they were not aware of Plaintiff's complaints of back pain. [d/e 46 par 19]. In addition, there is nothing in the medical record prior to December 9, 2010 which discloses that Plaintiff made any complaints of back pain. Plaintiff admits that he has never met either of these defendants. Plaintiff advances no argument to sustain a claim that Drs. Talier and Tilden were subjectively aware of the alleged serious risk to his health. As such, he fails to raise a triable issue of fact that Talier and Tilden were aware of, and deliberately indifferent to, his serious medical need.

### B. Plaintiff cannot show that Nurses Keith and Headlee were deliberately indifferent to his serious medical need.

The Plaintiff alleges that he first complained to Nurses Keith and Headlee about back pain in the summer of 2010. [Plaintiff's deposition p. 34]. His Lawrenceville medical records, however, indicate that he injured his back in October 2010, after he had allegedly made the

7

reports to Keith and Headlee. Regardless, the defendants do not have any recollection of Plaintiff having made these reports. In addition, there is no indication from the medical records, or from the Plaintiff's testimony, that Keith and Headlee were aware that Plaintiff's complaints of back pain represented a substantial risk of serious harm. There is no evidence that the Plaintiff's medical condition was significantly affecting his daily activities. A serious medical need is one that "….has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize a necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997.) Plaintiff has not established that he had a medical need so obvious that it these defendants were deliberately indifferent in not referring him to a physician. In fact, when transferred to Lawrence in January 2011, Plaintiff denied having any complaints. Plaintiff advances no argument to sustain a claim that Keith and Headlee were subjectively aware of the alleged serious risk to his health and indifferent to that risk. As such, Plaintiff fails to raise a triable issue of fact that Keith and Headlee were deliberately indifferent to his serious medical need.

**C. Plaintiff cannot show that Medical Technicians Beasley and Birkel were deliberately indifferent to his serious medical need.**

Plaintiff claims to have injured his back on February 4, 2010 when he fell in his cell. This claim is controverted by his medical records from Lawrenceville which document an October 2010 date of injury. Plaintiff claims that he had told Beasley and Birkel of his back pain and that they were deliberately indifferent to his serious medical need. Defendants deny that they were aware of Plaintiff's alleged serious medical need. In addition, there is no indication from the medical records, or from the Plaintiff's testimony, that Beasley and Birkel were aware that Plaintiff's complaints of back pain represented a substantial risk of serious harm. A serious

8

medical need is one that "….has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize a necessity for a doctor's attention." Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997.) Plaintiff has not established that he had a medical need so obvious that it these defendants were deliberately indifferent in not referring him to a physician.

Plaintiff, in alleging a delay in treatment, must establish that the delay exacerbated the condition or otherwise caused him injury. *See Williams v. Leifer*, 491 F.3d 710, 714-15 (7th Cir. 2007) (recognizing "[i]n cases where prison officials delayed rather than denied medical assistance to an inmate, courts have required the plaintiff to offer 'verifying medical evidence' that the delay (rather than the inmate's underlying condition) caused some degree of harm"); *see also Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013). Plaintiff has failed to so allege. In fact, the medical records of January 26, 2011, subsequent to the events at issue, document that Plaintiff did not have any complaints of back pain at the time he was transferred to the Lawrenceville Correctional Center. Plaintiff fails to sufficiently allege that Beasley and Birkel were subjectively aware of the alleged serious risk to his health and indifferent to that risk. As such, Plaintiff fails to raise a triable issue of fact that Beasley and Birkel were deliberately indifferent to his serious medical need.

### D. Plaintiff cannot show that Corrections Officers Kochel and Tangman were deliberately indifferent to his serious medical need.

Plaintiff has testified that he complained of back pain and lack of medical treatment to Defendants Kochel and Tangman in June of 2010. (UMF 30-31.) This was done on several occasions when Kochel and Tangman escorted him to the shower. Kochel and Tangman advised him to speak with the medical techs or submit a sick call request form to the Health Care Unit.

Plaintiff admits was able to walk to the shower in constraints while escorted by Kochel and Tangman. (UMF 31.) Plaintiff's performance of this routine activity was not indicative of an ongoing, serious medical condition for which failure to immediately secure medical treatment presented an excessive risk to Plaintiff's health. A serious medical need is one that "….has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize a necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997.) Plaintiff has not established that he had a medical need so obvious that it these defendants were deliberately indifferent in not referring him to a physician. In fact, when transferred to Lawrence in January 2011, Plaintiff denied having any complaints at that time. Plaintiff advances no argument to sustain a claim that Kochel and Tangman were subjectively aware of the alleged serious risk to his health and indifferent to that risk. As such, Plaintiff fails to raise a triable issue of fact that Kochel and Tangman were deliberately indifferent to his serious medical need.

      **E. Plaintiff cannot show that former Warden and CEO Guy Pierce and Brian Fairchild, chair of the Administrative Review Board were deliberately indifferent to his serious medical need.**

Defendants Fairchild and Pierce cannot be held to be deliberately indifferent to Plaintiff's serious medical needs because they lacked personal involvement under 42 U.S.C. § 1983. Plaintiff contends that his claims against Defendants Fairchild and Pierce arise from their denial of his grievances and other administrative complaints. (UMF 37, 44.) However, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to [a constitutional] violation." *George v. Smith;* 507 F.3d 605, 609 (7th Cir. 2007); *see McGee v. Adams*, 721 F.3d 474, 485 (holding that a prison official's mere denial of a prisoner's grievances does not constitute a constitutional violation). Furthermore, the evidence in the record demonstrates that

Plaintiff has never met or spoken with Defendant Fairchild, (UMF 43), and Defendant Pierce did not personally respond to Plaintiff's grievances as he had delegated this duty to his administrative staff, (UMF 40-41). Given their lack of personal involvement, Defendants Fairchild and Pierce cannot be found to have been subjectively aware of Plaintiff's serious medical need and deliberately indifferent in the face of this need.

### F. All Defendants are entitled to Qualified Immunity.

The doctrine of qualified immunity generally shields a government official from civil liability if his or her conduct does not violate clearly-established constitutional or statutory rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In deciding whether qualified immunity shields a government official from a particular constitutional violation alleged by a plaintiff, a court must determine (1) whether the facts that the plaintiff alleged in his or her pleadings or shown during discovery make out a violation of a constitutional right *and* (2) whether the right at issue was clearly established at the time of defendant's alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001); *Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009).

The dispositive inquiry in determining if a right is clearly established is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted. *Saucier*, 533 U.S. at 202. This inquiry must be "undertaken in light of the specific context of the case, not as a broad general proposition" and must be "particularized" based on the facts confronting the officer. *Brosseau v. Haugen*, 543 U.S. 194, 198-99 (2004). Government officials may be protected from liability for objectively reasonable decisions, even if the decision is later determined to be wrong. *Jones v. City of Chicago*, 856 F.2d 985, 994 (7th Cir.

1988). Implicit in the qualified immunity analysis is the requirement that the violation must have been intentional or the result of some gross misfeasance or nonfeasance on the part of the governmental officer arising to the level of incompetence. *Anderson v. Creighton*, 483 U.S. 635 (1987). Stated differently, "[f]or qualified immunity to be surrendered, preexisting law must dictate, that is, truly compel . . . the conclusion for every likesituated, reasonable government agent that what [he] is doing violates federal law *in the circumstances.*" *Khuans v. School Dist. 110*, 123 F.3d 1010, 1019-1020 (7th Cir. 1997). (emphasis in original) (quoting *Lassiter v. Alabama A & M Univ.*, 28 F.3d 1146, 1150 (11th Cir. 1994)).

Here, the evidence in the record demonstrates that the Defendants' conduct was reasonable under the circumstances and, as a result, they are entitled to qualified immunity. Plaintiff demonstrated no symptoms manifesting a need for immediate medical attention. He did not use the appropriate procedure to be seen by a medical doctor with one possible exception, his claim that he gave a medical slip to Birkel in June 2010. There is, however, no evidence of this medical request in the chart. In addition, Plaintiff was seen by a physician in August 2010 for another reason and made no mention of back pain nor did he inquire as to why he had not been seen in response to the medical request slip he had purportedly submitted. The Court finds that Defendants are entitled to Qualified Immunity as it was not clear to them, at the time, that their actions were violative of Plaintiff's Eighth Amendment rights.

**IT IS THEREFORE ORDERED:**

1) The Motion for Summary Judgment by Defendants Steven Talier, Andrew Tilden, and Brandy Keith is GRANTED [d/e 46].

2) The Motion for Summary Judgment by Defendant Stacey Headlee is GRANTED [d/e 51].

3) The Motion for Summary Judgment by Defendants Christine Beasley, John Birkel, Brian Fairchild, Greg Kochel, Gregory Tangman and Guy Pierce is GRANTED [d/e 54].

4) The Clerk of the Court is directed to enter judgment in favor of Defendants and against Plaintiff. This case is terminated, with the parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated.

5) All other pending motions are rendered MOOT.

6) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).

7) If Plaintiff wishes to proceed *in forma pauperis* on appeal, his motion for leave to appeal *in forma pauperis* must identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED this ___17th___ day of July, 2014.

                                                _____s/ James E. Shadid_____
                                                         JAMES E. SHADID
                                        JUDGE CENTRAL DISTRICT OF ILLINOIS